Walter R. Hart, J.
Plaintiff moves for an injunction pendente lite restraining defendants from taking any steps to implement a resolution adopted by the individual defendants, ■as directors, to sell 800 unissued shares of stock of the corporation.
Plaintiff and defendant Philip S. Tashman, his brother, each own 95 shares of the issued stock; 10 shares are owned by defendant Schwartz, who is concededly in the camp of Philip and who is probably under his domination and control.
At a meeting of the stockholders plaintiff was ousted as a director. The present defendant directors each draw substantial s'alaries from the corporation. Plaintiff, who is a practicing physician, has, except for one dividend, received no income from his investment despite the fact that the corporation has been thriving and its surplus multiplied.
Plaintiff and defendant Philip S. Tashman have each heretofore loaned $25,000 to the corporation and executed subordination agreements to bank loans and to an indebtedness due its principal creditor. Plaintiff, assigning his failure to receive any return on his investment as the reason and because of a personal dispute with Philip, has refused to execute renewals of the subordination agreements, and has commenced an action to recover the $25,000 loaned to the corporation.
Defendants, contending .that the corporation requires additional working capital and liquid assets, adopted a resolution to issue the 800 unissued shares of stock at $100 par and have-offered the plaintiff the opportunity of purchasing his proportionate share of the stock at a total of $38,000. Plaintiff *984 has prima facie established that the stock of the corporation has a book value of $600 and contends that the resolution is part of a plan to dilute the value of his interest in the corporation since defendants know that he would refuse to invest any further funds in the corporation because of his failure to secure a return on his investment.
Defendants contend that the question of the issuance of unissued stock as a means of financing corporate ventures is strictly a matter of business judgment resting exclusively in the discretion of the board of directors and that the court may not interfere therewith. While this general statement of law is correct, it is subject to the limitation that if the action of the directors is contrary to the true interests of the corporation, itself but is made for the purpose of subserving some outside purpose, it may be restrained (cf. Gamble v. Queens County Water Co., 123 N. Y. 91). If the shares are to be issued for a reasonably necessary purpose beneficial to the corporation and not for the ‘ ‘ sinister purpose of serving the personal ends of the directors ” the court will not interfere (Dunlay v. Avenue M Garage & Repair Co., 253 N. Y. 274, 280).
Prima facie plaintiff has established a case entitling him to relief pending the trial. Since the stock has a book value of $600 and is offered to the stockholders at a price of $100 plaintiff is entitled to have the court review the matter. Under the circumstances here present, the pre-emptive right offered plaintiff to purchase a prorata share of the stock may not be conclusive of the issues. The underlying principle to sustain this conclusion has been cogently expressed (71 Harv. L. Rev. 1135):
‘ ‘ However, the protection afforded by the right to subscribe to a prorata share of the new stock may prove illusory if the stockholder who does not wish to or is unable to purchase his share of the new issue is also unable to sell the rights. This will often be the case when the stock is to be issued by a closely held corporation. Even if a buyer can be found, the forced nature of the sale may make the price received for the rights inadequate compensation for the dilution. The stockholder should be able to protect his equity without having to purchase a portion of the new issue. Otherwise, the directors or controlling shareholders would be able to coerce minority stockholders to invest further in the corporation against their will if they are to protect their equity. Therefore, the offer of rights which cannot readily be sold should not justify the issue of stock at an unfair price, whether or not the protesting stockholder is able to raise the money to purchase the new stock.”
*985 The issues here presented require full development by a court of equity. In the interim the status quo should be preserved. Accordingly, the motion for a temporary injunction is granted upon condition that plaintiff file an undertaking in the sum of $2,500 and notice this case for May 21,1958 and proceed to trial on that date, subject to the approval of the Justice presiding at Special Term, Part III.
Settle order on notice.